IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James W. Davenport, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Scott J. Stoller, *in his individual capacity*; W. Russell Burns ("Rusty"), *in his individual capacity*; Anderson County, South Carolina; Robert A. Wronski, *in his individual capacity*; Arnold Alier, *in his individual capacity*; Richard C. Naugler, *in his individual capacity*; and South Carolina Department of Health and Environmental Control, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 8:20-cv-03827-TMC<br><br>**ORDER** |

Plaintiff James W. Davenport ("Plaintiff") brings this action against Defendants asserting several state and federal causes of action arising out of alleged retaliation against Plaintiff as a result of his confronting Defendant Scott J. Stoller ("Stoller") about Stoller's alleged improper use of government funds. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. On June 7 and June 14, 2021, Defendants filed motions to compel discovery from Plaintiff. (ECF Nos. 18, 19). On June 25, 2021, the magistrate judge issued an order granting the motions to compel and ordering Plaintiff to provide complete discovery responses on or before July 12, 2021. (ECF No. 21). On July 27, 2021, Defendants Stoller, W. Russell Burns, and Anderson County South Carolina (collectively, the "Anderson County Defendants") filed a motion to dismiss the Complaint as a discovery sanction, arguing that although Plaintiff provided responses to the

1

discovery requests on July 12, 2021, the responses were incomplete. (ECF No. 22 at 2). Similarly, on August 10, 2021, Defendants Robert A. Wronski, Arnold Alier, Richard C. Naugler, and the South Carolina Department of Health and Environmental Control ("DHEC") (collectively, the "DHEC Defendants") filed a motion to dismiss the Complaint based on Plaintiff's failure to comply with the magistrate judge's June 25th order compelling Plaintiff to fully comply with the discovery requests. (ECF No. 23). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court deny the Defendants' motions to dismiss and order Plaintiff's counsel to organize and label all responsive documents to correspond with the categories in the discovery requests pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i) and to produce them to the DHEC Defendants within twenty (20) days. (ECF No. 28). On October 12, 2021, the DHEC Defendants filed two objections to the Report. (ECF No. 29). Neither Plaintiff nor the Anderson County Defendants filed any objections to the Report or a response to the DHEC Defendants' objections and the time to do so has now run. Accordingly, this matter is now ripe for review.

In the Report, the magistrate judge sets forth the relevant procedural history and legal standards to which none of the parties object and which are, therefore, incorporated herein by reference. (ECF No. 28 at 1–4). The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not

objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

In her Report, the magistrate judge recommends that the court deny the Defendants' motions to dismiss. *See* (ECF No. 28 at 3–9). Specifically, the magistrate judge correctly noted that while "[f]ederal district courts possess great discretion to sanction parties for failure to obey discovery order[,] . . . [t]his discretion diminishes . . . when the requested relief involves a default judgment." *Id.* at 3 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Mut. Fed. Sav. & Loan v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)) (internal citation omitted).

Accordingly, in *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), the Fourth Circuit established the following four-part test for courts to apply when considering whether dismissal is an appropriate discovery sanction:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Richards & Assocs.*, 82 F.2d at 92 (citing *Wilson*, 561 F.2d at 503–06). As the magistrate judge noted, the *Wilson* test "is designed to 'insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default.'" (ECF No. 28 at 4 (quoting *Richards v. Assocs.*, 82 F.2d at 92)).

Applying the *Wilson* factors to the facts in this case, the magistrate judge found that both the Anderson County Defendants and the DHEC Defendants "fail to mention or even discuss how the *Wilson* factors would support the dismissal of this action or [the] striking of Plaintiff's Complaint . . . ." *Id*. at 5; *see also id*. at 7. The magistrate judge further noted that, importantly, none of the Defendants make any claims that Plaintiff's counsel acted in bad faith. *Id*. at 5, 7. Consequently, the magistrate judge concluded that "dismissal of this action would be inappropriate in light of the *Wilson* factors." *Id*. at 6; *see also id*. at 7.

Nevertheless, the magistrate judge went on to find that Plaintiff's counsel's response to the DHEC Defendants' requests for production—specifically that "he has 'boxes and boxes' of documents responsive to their requests that they can come and review"—is insufficient under Rule 34(b)(2)(E)(i). *Id*. at 6–8. Rule 34 requires that a party "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). The magistrate judge found "no indication that [Plaintiff]

produced the documents in the order in which they were kept in the usual course of business[,]" and concluded, therefore, that, "under Rule 34, Plaintiff was required to 'organize and label [the responsive documents] to correspond to the categories in the request[s].'" (ECF No. 28 at 8 (quoting Rule 34(b)(2)(E)(i)). Accordingly, the magistrate judge recommends the court order Plaintiff to organize and label all responsive documents to correspond to the categories in the DHEC Defendants' requests in accordance with Rule 34(b)(2)(E)(i) and to produce the documents to the DHEC Defendants within twenty (20) days. *Id*.

As noted above, only the DHEC Defendants filed objections to the magistrate judge's Report. (ECF No. 29). However, their objections do not challenge any of the magistrate judge's findings or conclusions in the Report. *See id*. Rather, the DHEC Defendants assert that the magistrate judge failed to address two of the issues raised in their motion—namely, that Plaintiff failed to clearly and specifically identify any expert witnesses and to provide the address for any expert witnesses—and ask that the court order Plaintiff to properly respond to the request. *Id*. at 1–2. The court notes that, while the DHEC Defendants' motion is captioned as a motion to dismiss, (ECF No. 23 at 1), in their conclusion they do request the following alternative relief if the court were to find dismissal inappropriate: "Alternatively, Plaintiff should be required to fully and completely respond to these Defendants' discovery requests as soon as possible, as Plaintiff previously indicated he would, and the Scheduling Order in place be amended to make up for the time lost by not having full discovery responses[,]" *id*. at 4. Accordingly, this issue is properly before the court.

As an exhibit to their motion, the DHEC Defendants attached Plaintiff's response to their first set of interrogatories, which includes the following interrogatories and responses:

> 18. List the name and address of any expert witness whom Plaintiff proposes to use as a witness at the trial of this case.

5

> **ANSWER:** Plaintiff does not intend to retain any expert witnesses to testify at the trial of this case. Plaintiff reserves the right to elicit expert testimony from his counsel, Rob Kennedy, relating to the nature, extent, and cause of Plaintiff's emotional distress damages. In addition, Plaintiff reserves the right to use Dr. Frank DeAngelo and Leo Deason, who would testify in accordance with their testimony from the [Administrative Law Court] trial, if necessary.
>
> 19. For each expert identified, set forth either a summary sufficient to inform Defendants of the opinions held by such witness or provide a copy of any written or recorded report from such witness. Also provide a complete resume for any expert witness.
>
> **ANSWER:** See Answer to Interrogatory No. 18 above. These individuals have not provided a written expert report. The testimony and resumes of Dr. DeAngelo and Mr. Deason were submitted during the trial before the Administrative Law Court, and the DHEC Defendants already have possession of those documents and transcripts.
>
> 20. For each expert identify each and every document, piece of information or other material relied upon, provided to, reviewed by, examined by or referenced to by the expert in reach[ing] any of his or her opinions.
>
> **ANSWER:** See Answer to Interrogatory No. 18 above.

(ECF No. 23-3 at 16). The DHEC Defendants also attached an email from their counsel to Plaintiff's counsel dated April 27, 2021, in which defense counsel specifically requested (1) clarification as to Plaintiff's response to Interrogatories 18, 19, and 20 regarding whether or not the individuals identified are experts and (2) for any individuals identified as experts, "every written communication between [Plaintiff's counsel] and each of these individuals as well as a summary of their opinions." (ECF No. 23-1 at 2). There is no indication anywhere in the record that Plaintiff's counsel ever responded to this email or supplemented his responses to these interrogatories. Consequently, defense counsel followed-up with Plaintiff's counsel on July 29, 2021, again requesting the same clarification as to these interrogatories. (ECF No. 23-4 at 1). Again, there is no evidence in the record before the court that Plaintiff's counsel ever replied.

Instead, Plaintiff's counsel's sole argument in response is that he "merely identified Dr. DeAngelo and Mr. Deason[1] as potential witnesses in this case out of an abundance of caution in the event that some issue regarding the standard of care provided by Plaintiff were raised by Defendants and not excluded by the Court." (ECF No. 25 at 3 (footnote added)). The court finds this argument unavailing. If Plaintiff's counsel sought to identify Rob Kennedy, Dr. DeAngelo, and Mr. Deason only as lay, fact witnesses, he easily could have done so in response to DHEC Defendants' Interrogatory No. 3, *see* (ECF No. 23-3 at 10–11), in response to which Plaintiff identified twenty-one (21) potential witnesses, *see id*. at 11–16. In fact, Plaintiff does list Rob Kennedy as a potential witness in response to Interrogatory No. 3. *Id*. at 11. Importantly, however, neither Dr. DeAngelo nor Mr. Deason are listed in Plaintiff's answer to Interrogatory No. 3 regarding lay witnesses. *See id*. Rather, the only reference to these two potential witnesses is in response to Interrogatory No. 18 regarding expert witnesses, in which Plaintiff directly contradicts himself by indicating he "does not intent to retain any expert witnesses to testify at the trial[,]" but he "reserves the right to elicit expert testimony from . . . Rob Kennedy . . . [and] to use Dr. Frank DeAngelo and Leo Deason[.]" *Id*. at 16. Thus, the court concludes that Plaintiff has failed to properly respond to the DHEC Defendants' Interrogatories 18, 19, and 20, and the DHEC Defendants' objection is **SUSTAINED**. Accordingly, the court **ORDERS** that within twenty (20) days of the date of this Order, Plaintiff shall serve upon the DHEC Defendants, through their counsel, supplemental answers to Interrogatories 18, 19, and 20 clearly identifying any and all expert witnesses whom Plaintiff *may* use as a witness at trial as well as their respective mailing addresses.

---

[1] Although Plaintiff refers to "Rob Kennedy" in his response to Interrogatory No. 18, he makes no mention of or argument as to his identification as a potential expert witness in his response. *See* (ECF No. 25).

Furthermore, because none of the parties made any objections to the substantive findings and conclusions in the Report, the court need only review the Report only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662.

Having carefully and thoroughly reviewed the Report, the record, and the parties' briefing on these motions, the court agrees with the magistrate judge's conclusions (1) that dismissal in this case is inappropriate in light of the *Wilson* factors, and (2) that Plaintiff has failed to properly respond to the DHEC Defendants' requests for production of documents.  *See* (ECF No. 28 at 5–6, 7–8, 9).  Thus, the court finds no reason to deviate from the Report's recommended disposition and **ADOPTS** the magistrate judge's Report, *id.*, and incorporates it herein.  Accordingly, the court **DENIES** the Anderson County Defendants' motion to dismiss the Complaint as a discovery sanction (ECF No. 22) and the DHEC Defendants' motion to dismiss the Complaint based on Plaintiff's failure to comply with the court's June 25th order (ECF No. 23).  However, Plaintiff is hereby **ORDERED** to (1) organize and label all documents responsive to the DHEC Defendants' requests for production to correspond to the categories in the requests as required by Rule 34(b)(2)(E)(i); (2) supplement his responses to the DHEC Defendants' Interrogatories 18, 19, and 20 to clearly identify any and all expert witnesses whom Plaintiff may use as a witness at trial as well as their respective mailing addresses; and (3) produce to and serve on the DHEC Defendants the foregoing within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
December 14, 2021